United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Feliciano Nieves-Delgado, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. |
|  | ) | 20-10817-NMG |
| Stephen Spaulding, | ) | |
| Respondent. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Feliciano Nieves-Delgado ("Nieves-Delgado" or "petitioner") while incarcerated at the Federal Medical Center in Devens, Massachusetts ("FMC Devens").

On April 15, 2002, petitioner was sentenced to 360 months (30 years) of incarceration and 10 years of supervised release. He is currently imprisoned at FMC Devens and is scheduled to be released on May 2, 2027.

On March 9, 2020, (almost 7 months ago) petitioner filed a request for compassionate release with the warden of FMC Devens, Stephen Spaulding ("Spaulding" or "respondent"). After

-1-

respondent allegedly failed to respond, on April 28, 2020, petitioner filed a petition for a writ of habeas corpus pursuant to § 2241 as well as an emergency motion seeking relief in light of the COVID-19 pandemic.  On June 15, 2020, petitioner filed a supplemental filing alleging additional facts.  Generally, petitioner alleges that the living arrangements and prison conditions at FMC Devens create a substantial danger that he will contract COVID-19.  Accordingly, petitioner requests an order allowing him to serve the remainder of his sentence under home confinement.

On May 22, 2020, respondent filed a motion to dismiss the petition.

**I.   Motion to Dismiss**

   **A.   Legal Standard**

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.

Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

Pro se pleadings are held to "less demanding standards than those drafted by lawyers" and are read liberally on a motion to dismiss. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). Even pro se litigants are, however, bound by the Federal Rules of Civil Procedure. Janosky v. Mass. P'Ship for Corr. Healthcare, No. 15-cv-12929, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (dismissing plaintiff's complaint for failing to set forth any clear causes of action).

**B.    Application**

Petitioner seeks relief pursuant to § 2241 on the ground that the living arrangements and prison conditions at FMC Devens create a substantial danger that he will contract COVID-19. Specifically, petitioner alleges that officials with the Bureau of Prisons ("BOP") at FMC Devens have failed to implement adequate procedures to mitigate the risk of transmission of COVID-19 such that they have violated the Eighth Amendment prohibition on cruel and unusual punishment.  Petitioner also claims that his age, underlying health conditions and ethnicity make him especially vulnerable to contracting the virus.

Respondent first claims that a habeas petition pursuant to § 2241 is an improper vehicle for petitioner's challenge to the conditions of his confinement.  Therefore, respondent declares, this Court is without jurisdiction to order habeas relief for petitioner and should dismiss the habeas petition.

Generally speaking,

> a petition for habeas corpus is the appropriate means to challenge the 'fact or duration' of incarceration, while challenges to the conditions of confinement are generally brought as civil rights claims under Bivens.

Graham v. Sabol, 734 F. Supp. 2d 194, 204 (D. Mass. 2010).  If the petitioner explicitly asserts that release is necessary to protect him from immediate harm, the petitioner will have

-4-

sufficiently alleged a challenge to the fact or duration of his confinement such that a habeas claim is proper. See Baez v. Moniz, 2020 U.S. Dist. LEXIS 86753, at *3-4 (D. Mass. 2020); Fernandez-Rodriguez v. Licon-Vitale, 2020 U.S. Dist. LEXIS 116749, at *71 ("Because release is therefore required to remedy the warden's alleged deliberate indifference, the Court finds that the inmates are challenging . . . the very fact of their confinement."). When a claimant objects to prison conditions, however, especially those involving inadequate medical treatment, courts "usually find habeas relief unavailable." Sanchez v. Sabol, 539 F. Supp. 2d 455, 459 (D. Mass. 2008) (internal quotation marks omitted).

Petitioner seeks release from incarceration through his petition and related filings, but he has failed to challenge the legality or duration of his confinement sufficiently to bring his claims by habeas. To do so, petitioner must have alleged that release was the sole means of adequately protecting him from imminent harm at FMC Devens. See Kushimo v. Spaulding, 2020 U.S. Dist. LEXIS 91390, at *2 (D. Mass. 2020) (dismissing prisoner's habeas petition for failing to "allege that release is the only means of adequately protecting him or that the respondent cannot protect him" (emphasis in original)); cf. Moniz, 2020 U.S. Dist. LEXIS 86753, at *3-4 (finding prisoners'

-5-

claims "sound in habeas" in part because they expressly alleged release was necessary for protection). Instead, petitioner is broadly challenging the conditions of his confinement. A habeas petition is inapposite under these circumstances.

Although petitioner inappropriately seeks relief by habeas petition, his submissions together may be construed as a request for compassionate release. See generally Docket Nos. 1, 4 and 12. Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1) and relief thereunder may only be provided by the sentencing court. See 18 U.S.C. § 3582(c)(1)(A); Reyes v. RADM Spaulding Fed. Med. Ctr. Devens, 2020 U.S. Dist. LEXIS 129729, at *7-9 (D. Mass. 2020). This Court, which did not sentence the petitioner, cannot consider his request. Rather, petitioner's request should be addressed to United States District Judge Carmen C. Cerezo of the District of Puerto Rico, by whom petitioner was sentenced in 2002, or another judge of that District Court.

**ORDER**

For the foregoing reasons, respondent's motion to dismiss is **DENIED** and the Clerk of Court is directed to **TRANSFER** this case to the District of Puerto Rico for assignment to Judge Cerezo or to another judge of that court to consider petitioner's request for compassionate release.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 1, 2020